ROBERT POWELL, ESQ. (SBN 159747)
POWELL & ASSOCIATES
925 W. Hedding Street
Tel: (408) 553-0201
Fax: (408) 553-0203
Email: rpowell@rrpassociates.com

CHE L. HASHIM, ESQ. (SBN 238565)
861 Bryant Street
San Francisco, CA 94103
Tel: (415) 487-1700
Email: che.hashim.esq@gmail.com

Attorneys for Plaintiff
MATTHEW PEYTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW PEYTON,<br><br>                    Plaintiff,<br><br>    vs.<br><br>LAURIE SMITH, DANIEL RODRIGUEZ, THEA LERA, JOSE CARDOZA, JULIAN QUINONEZ, Does 1-10 inclusive,<br><br>                    Defendants. | Case No. 5:19-cv-05871<br><br>**PLAINTIFF MATTHEW PEYTON'S COMPLAINT FOR DAMAGES:**<br><br>1. 42 U.S.C.§ 1983:<br>   VIOLATION OF FIRST AMENDMENT TO UNITED STATES CONSTITUTION<br><br>**JURY TRIAL DEMAND** |

Plaintiff MATTHEW PEYTON complains and alleges as follows against Defendants LAURIE SMITH, DANIEL RODRIGUEZ, THEA LERA, JOSE CARDOZA, JULIAN QUINONEZ, and DOES 1-10 inclusive..

1

## INTRODUCTION

1. This is an action by Plaintiff Mathew Peyton, a Detective for the Santa Clara County Sheriff's Office, for money damages, declaratory and injunctive relief brought pursuant to 42 U.S.C. § 1983, for violations of the First Amendment to the United States Constitution against various members of the Santa Clara County Sheriff's Office.

2. Plaintiff alleges that Defendants have used their official capacities to retaliate against Plaintiff in a series of events due to Plaintiff's political support for an opposition candidate to then (and current) Sheriff of Santa Clara County, Defendant LAURIE SMITH.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) over Plaintiff's cause of action arising under the 42 U.S.C. § 1983 and the Constitution of the United States.

4. Venue lies in the United States District Court for the Northern District of California because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Santa Clara County, California. 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff MATTHEW PEYTON (hereafter "Plaintiff") is an adult citizen and resident of Alameda County, California and a United States citizen. Plaintiff has worked for the Santa Clara County Sheriff's Office since 2008.

6. Defendant LAURIE SMITH is the Sheriff of Santa Clara County and was in that position during the time when relevant events occurred. She is sued in her individual capacity.

7. Defendant DANIEL RODRIGUEZ is a Captain in the Santa Clara County Sheriff's Office and was in that position during the time when relevant events occurred. He is sued in his individual capacity.

8. Defendant THEA LERA is a Lieutenant in the Santa Clara County Sheriff's Office and was in that position during the time when relevant events occurred. She is sued in her individual capacity.

9. Defendant JOSE CARDOZA is a Lieutenant in the Santa Clara County Sheriff's Office and was in that position during the time when relevant events occurred. He is sued in his

2

PLAINTIFF MATTHEW PEYTON'S COMPLAINT FOR DAMAGES, JURY TRIAL DEMAND
*Matthew Peyton vs. Laurie Smith, et al.*
District Court Northern District of California
Case No. 5:19-cv-05871

individual capacity.

10. Defendant JULIAN QUINONEZ is a Lieutenant in the Santa Clara County Sheriff's Office and was in that position during the time when relevant events occurred. He is sued in his individual capacity.

## FACTS

11. Plaintiff PEYTON is a Detective with the Santa Clara County Sheriff's Office, having joined the Sheriff's office formally in July 2008, as a Deputy, after graduating from the academy, and serving as the Academy Class President.

12. During his years in the Office, Plaintiff PEYTON served as a Court Training Officer, Field Training Officer, Firearms Instructor, Academy Instructor, and became a Certified Child Abuse Investigator, Certified Sexual Assault Investigator, Child Forensic Interviewer, and Certified Field Evidence Technician.

13. In 2016, Plaintiff became a detective.  Until his retaliatory reassignment to the "West Valley Property Crimes," he was a member of the Sexual Assault Investigation Unit, having undergone specialized training for that coveted assignment.

14. Plaintiff PEYTON is a lifetime member of the California Sexual Assault Investigators Association.

15. Plaintiff PEYTON has received numerous letters of appreciation and commendations throughout his time, as an employee of the Sheriff's Office.

16. In May of 2017 Plaintiff PEYTON was offered an opportunity by Defendant RODRIGUEZ to boost his profile within the Office in furtherance of Plaintiff PEYTON's expressed desire to gain promotion up the ranks of the Office.

17. In May of 2017 Defendant RODRIGUEZ gave Plaintiff PEYTON the task of writing policy related to the protection of children of arrested parents, to be presented at the 'Chief's of Police Meeting' to be held at the Santa Clara Police Department, at which multiple Chief's of Police and other law enforcement officers from Santa Clara County would be present.

18. In June of 2017, Plaintiff PEYTON presented his policy for attendees at the 'Chief's of Police Meeting.'  Plaintiff PEYTON was subsequently told to make the draft policy that he

3

PLAINTIFF MATTHEW PEYTON'S COMPLAINT FOR DAMAGES, JURY TRIAL DEMAND
*Matthew Peyton vs. Laurie Smith, et al.*
District Court Northern District of California
Case No. 5:19-cv-05871

had written, into a General Order, which he did, and which he presented to Sheriff's Office Administration, Press Information Officers, the Child Abuse Council, and selected patrol personnel.

19.  Defendant RODRIGUEZ expressed his pleasure with Plaintiff PEYTON's performance in relation to the aforementioned policy, and offered Plaintiff PEYTON extra days off to spend with his family, which Plaintiff PEYTON declined to accept.

20.  Later in June of 2017, Plaintiff PEYTON was passed up for promotion, and asked Defendant RODRIGUEZ to discuss the promotion decisions with him.

21.  After outlining his qualifications, Defendant RODRIGUEZ stated something to the effect of 'I don't think they even look at that.  They care more about what you've done for them, or what you can do for them.'  Plaintiff PEYTON took this to be in reference to Defendant SMITH, and her administration.

22.  In September of 2017, due to the loss of one detective to the District Attorney's Office, and instruction from Plaintiff PEYTON's supervisor, Sergeant Shadra Shaheen, to another detective to no longer take on sexual assault cases, Plaintiff PEYTON began to handle most all of the sexual assault caseload in the Office.

23.  As of September of 2017, Plaintiff PEYTON had never been accused of deficient performance, or received discipline from superiors in the Office.

24.  Plaintiff PEYTON's previous "Performance Appraisal Report," completed in April of 2017, indicated that Plaintiff PEYTON was "exceeding expectations" and the Sergeant appraising his work stated that "Deputy Peyton has the potential to become an invaluable member for the Sexual Assault Investigations Unit."

25.  John Hirokawa is a former Undersheriff for Santa Clara County, and was a candidate for Sheriff in the 2018 election, for which he was actively campaigning against Defendant SMITH in 2017.

26.  Defendant SMITH was first elected Sheriff of Santa Clara County in 1998. Defendant SMITH has been reelected five times, and is currently serving as the Sheriff of Santa Clara County.

27.  On or around September 21, 2017, a picture of Plaintiff PEYTON and his wife was

4

PLAINTIFF MATTHEW PEYTON'S COMPLAINT FOR DAMAGES, JURY TRIAL DEMAND
*Matthew Peyton vs. Laurie Smith, et al.*
District Court Northern District of California
Case No. 5:19-cv-05871

posted on Hirokawa's Facebook page, demonstrating Plaintiff PEYTON's attendance at a political fundraiser for Hirokawa.

28. All Defendants herein became aware of Plaintiff PEYTON's engagement in such protected activity within 48 hours of the posting of the picture on Facebook.

29. In doing the following acts, all Defendants were working at the direction of, or with knowledge of and ratification of their actions by Defendant SMITH.

30. On or around September 26, 2017, Plaintiff PEYTON was called into a conference room in which Defendant RODRIGUEZ, Defendant CARDOZA, and Sergeant Shaheen were present.

31. At this "meeting," Defendant RODRIGUEZ indicated that Plaintiff PEYTON's 'commitment to the division' was in question, and issued Plaintiff PEYTON a verbal counseling related to Plaintiff PEYTON's failure to turn in a "blue slip" after having asked to leave early days prior, and for emailing another detective about information related to a reopened case, days before his request to leave early.

32. Defendant RODRIGUEZ, when asked, did not provide any instances of substantive work deficiency.

33. In October of 2017, and subsequent to the meeting with Defendant RODRIGUEZ, Defendant CARDOZA, and Sergeant Shaheen, Plaintiff PEYTON sought a private meeting with Defendant CARDOZA, in which he asked for clarification on the grounds for the verbal counseling he received.

34. Defendant CARDOZA stated that he did not agree with the grounds for the verbal counseling, and blamed Defendant RODRIGUEZ's "management style."

35. In October of 2017, Plaintiff PEYTON emailed a superior officer, along with Defendant LERA, with a request to attend the Academy Instructor Certificate Course. Plaintiff PEYTON received no response. Plaintiff PEYTON followed up with a voice message to Defendant LERA, and received no response.

36. In October of 2017, and subsequent to his unanswered requests to attend the Academy Instructor Certificate Course, Plaintiff PEYTON received his first ever negative "comment card."

5

PLAINTIFF MATTHEW PEYTON'S COMPLAINT FOR DAMAGES, JURY TRIAL DEMAND
*Matthew Peyton vs. Laurie Smith, et al.*
District Court Northern District of California
Case No. 5:19-cv-05871

37. The negative "comment card" related to an unavoidable on-duty vehicle collision that occurred earlier in October of 2017.

38. Sergeant Shaheen initially presented Plaintiff PEYTON with a negative comment card regarding this collision but was instructed by Defendant RODRIGUEZ to add additional negative language to the card, it was subsequently presented to Plaintiff PEYTON for signature.

39. Plaintiff PEYTON was in a prior vehicle collision in late 2012, where the vehicle damages were much worse than the 2017 incident, which resulted in no write-up of any kind.

40. In October of 2017, and subsequent to receipt of his negative comment card, a co-worker informed Plaintiff PEYTON that he was warned not to associate with Plaintiff PEYTON, and that a Lieutenant Jensen had told this co-worker that Plaintiff PEYTON had been "blacklisted by the administration."

41. In October of 2017, and subsequent to the notification of his having been blacklisted, Plaintiff PEYTON was notified by another detective about a rumor that Plaintiff PEYTON's family was hosting Hirokawa's campaign operation.

42. At the end of October of 2017, Plaintiff PEYTON was denied a request by Defendant RODRIGUEZ and Defendant CARDOZA for "comp time" to work on the weekend on case investigation tasks.

43. Defendant RODRIGUEZ had previously indicated that Sexual Assault Investigations Unit members would be given as much "comp time" as needed to complete case investigation tasks, as long as it was not overtime.

44. The denial of "comp time" impaired Plaintiff PEYTON's ability to complete case investigation tasks for the Sexual Assault Investigations Unit.

45. In November of 2017, Defendant CARDOZA removed Plaintiff PEYTON from the Crime Scene Investigation team, stating that it was a "management decision," and that Plaintiff PEYTON needed to focus on "high liability cases."

46. In November of 2017, and subsequent to his removal from the Crime Scene Investigations team, and advisement to focus on "high liability cases," Plaintiff PEYTON was again denied requests for "comp time" to complete case investigation tasks.

6

PLAINTIFF MATTHEW PEYTON'S COMPLAINT FOR DAMAGES, JURY TRIAL DEMAND
*Matthew Peyton vs. Laurie Smith, et al.*
District Court Northern District of California
Case No. 5:19-cv-05871

47. In November of 2017, and subsequent to his removal from the Crime Scene Investigations team, Plaintiff PEYTON again emailed Defendant LERA regarding his request to attend the Academy Instructor Certificate Course, and again, Plaintiff PEYTON received no response.

48. In November of 2017, and subsequent to his removal from the Crime Scene Investigations team, Plaintiff PEYTON was denied a "day trade" request by Defendant CARDOZA, though they had been commonplace up to this time.

49. In November of 2017, and subsequent to his removal from the Crime Scene Investigations team, an inmate escaped from the Palo Alto Courthouse.

50. This investigation was of significant importance to the Sheriff's Office.

51. Every other detective, except Plaintiff PEYTON, received a role or assignment in the escape investigation.

52. In November and/or December of 2017, Defendant QUINONEZ replaced Defendant CARDOZA as Plaintiff PEYTON's Lieutenant.

53. During this time period, Defendant QUINONEZ and Defendant RODRIGUEZ assailed Plaintiff PEYTON's work product and work ethic on a weekly basis.

54. Plaintiff PEYTON learned from his direct supervisor, Defendant CARDOZA, that Defendant CARDOZA did not have any problem with Plaintiff PEYTON's work ethic or work product, and the same was repeated to Plaintiff PEYTON by Sergeant Shaheen. Sergeant Shaheen cryptically told Plaintiff PEYTON to "stay under the radar."

55. On or around January 9, 2018, Defendant QUINONEZ terminated Plaintiff PEYTON's participation on the Sexual Assault Investigation Unit, and transferred him to "West Valley Property Crimes," located in a different part of Santa Clara County.

56. The transfer to this new assignment constituted a significant downgrade in prestige and responsibility from the Sexual Assault Investigation Unit.

57. Defendant RODRIGUEZ had previously stated, on several occasions, that 'nobody cares about property crimes.' The transfer also added significant time to Plaintiff PEYTON's commute.

58. In February of 2018, Plaintiff PEYTON was alleged to have surreptitiously recorded a

7

PLAINTIFF MATTHEW PEYTON'S COMPLAINT FOR DAMAGES, JURY TRIAL DEMAND
*Matthew Peyton vs. Laurie Smith, et al.*
District Court Northern District of California
Case No. 5:19-cv-05871

conversation with Defendant QUINONEZ.

59. The allegations were investigated and submitted to the Office of the District Attorney, for criminal prosecution, but the District Attorney did not file any charges against Plaintiff PEYTON.

60. The investigation into the alleged conduct culminated in a referral to the Discipline Review Board of the Santa Clara County Sheriff's Office.

61. In or around the final months of 2018, the Discipline Review Board convened to discuss Plaintiff PEYTON's case, and to determine the discipline that they would recommend to the Sheriff.

62. During the 2018 meetings, it was ultimately decided that the Discipline Review Board would recommend a three-week suspension of Plaintiff PEYTON.

63. The Discipline Review Board submitted its findings and recommendation of a three-week suspension to Defendant SMITH, and/or others working with and/or at her direction.

64. Defendant SMITH, and/or others working with or at her direction, demanded that the Discipline Review Board reconvene and make a new recommendation of termination.

65. Over the objection of several members of the Discipline Review Board, the Discipline Review Board ultimately submitted a new recommendation of termination.

## FIRST CLAIM FOR RELIEF
(42 U.S.C. § 1983 – VIOLATION OF FIRST AMENDMENT)
(BY PLAINTIFF AGAINST ALL **DEFENDANTS**)

66. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 64.

67. Defendants' above described conduct violated Plaintiffs free speech rights, under the First Amendment to the United States Constitution.

68. By participating in a political campaign for the elected office of the Sheriff of Santa Clara County, Plaintiff spoke on a matter of public concern, and spoke as a private citizen.

69. The treatment of Plaintiff immediately thereafter by Defendants, including verbal counseling regarding fabricated and untrue allegations of deficient work performance, admonishments about previously acceptable behavior regarding scheduling, denials of

8

PLAINTIFF MATTHEW PEYTON'S COMPLAINT FOR DAMAGES, JURY TRIAL DEMAND
*Matthew Peyton vs. Laurie Smith, et al.*
District Court Northern District of California
Case No. 5:19-cv-05871

previously acceptable requests for schedule changes and additional time to spend on case investigation tasks, denial of requests to attend Academy Instructor Certificate Course, removal from the Crime Scene Investigation team, exclusion from the Palo Alto jail escape investigation, instruction to Plaintiff's peers not to associate with Plaintiff, derogatory discussion of Plaintiff's support for an opposition candidate, removal from the Sexual Assault Investigation Unit, demanding the reconvening of the Discipline Review Board to make the most stringent possible recommendation for discipline after an initial review and request for a three week suspension, as well as other acts, would be reasonably likely to deter Sheriff's Office employees from engaging in the protected activity of participating in a political campaign on behalf of an opposition candidate, and their treatment of Plaintiff was substantially motivated by his engagement in such protected activity.

70. Defendants would not have treated Plaintiff in the manner they did, in absence of knowledge of his engagement in the aforementioned protected activity and have no adequate justification for treating Plaintiff differently from other members of the public.

71. As a proximate result of the foregoing wrongful acts of Defendants, Plaintiff has sustained, and will in the future sustain, pecuniary loss and other compensable injuries.

72. As a further proximate result of the acts of Defendants, Plaintiff suffered general damages including pain and suffering.

73. In doing the foregoing wrongful acts, Defendants, each of them individually, acted in a reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive and malicious.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## **PRAYER**

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;

9

PLAINTIFF MATTHEW PEYTON'S COMPLAINT FOR DAMAGES, JURY TRIAL DEMAND
*Matthew Peyton vs. Laurie Smith, et al.*
District Court Northern District of California
Case No. 5:19-cv-05871

4. For reasonable attorney's fees;

5. For cost of suit herein incurred;

6. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

_____
ROBERT POWELL, ESQ. (SBN 159747)
POWELL & ASSOCIATES
925 W. Hedding Street
Tel: 408/553-0201
Email: admin@rrpassociates.com

CHE L. HASHIM, ESQ. (SBN 238565)
861 Bryant Street
San Francisco, CA 94103
Tel: 415/487-1700
Email: che.hashim.esq@gmail.com

Attorneys for Plaintiff
MATTHEW PEYTON

10

PLAINTIFF MATTHEW PEYTON'S COMPLAINT FOR DAMAGES, JURY TRIAL DEMAND
*Matthew Peyton vs. Laurie Smith, et al.*
District Court Northern District of California
Case No. 5:19-cv-05871